PASCAL et al. v. SLAVIN.

(Supreme Court, Appellate Term, First Department. December 4, 1913.)

1. EVIDENCE (§ 393*).—PAROL EVIDENCE—WRITTEN CONTRACT.

In an action against an assignee of a lease to recover rent after he removed from the premises, all the transactions between the parties having been expressed in written agreement, it was error to receive parol evidence contrary to the terms of the writings.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1736–1744; Dec. Dig. § 393.*]

2. LANDLORD AND TENANT (§ 208*)—LEASE—ASSIGNMENT—LIABILITY OF ASSIGNEE.

Plaintiffs having occupied certain premises under a lease for a term commencing September 1, 1909, and ending May 1, 1913, assigned the same to defendant, who paid rent to November 1, 1912, when he vacated the premises, and plaintiffs sued to recover rent for November and December, 1912, and January, 1913. Held, that defendant, not having covenanted

to pay rent, was not liable for the rent accruing after his removal from the demised premises.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 737, 821–831; Dec. Dig. § 208.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Harry Pascal and another against Louis Slavin. From a Municipal Court judgment for plaintiffs, defendant appeals. Reversed and dismissed.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Joseph Feinson, of New York City, for appellant.
Aaron Morris, of New York City, for respondents.

SEABURY, J. The plaintiffs were lessees of certain premises under a lease for a term commencing September 1, 1909, and ending May 1, 1913, at a monthly rental of $50.

[1, 2] The plaintiffs conducted a grocery store on the premises, which they sold to the defendant. They also assigned the above-mentioned lease to the defendant. The defendant paid rent up to the 1st of November, 1912, when he vacated the premises. The present action was brought to recover rent for the months of November and December, 1912, and January, 1913. All the transactions between the parties were completely expressed in written agreements, which were offered in evidence, and the learned court below erred in receiving parol evidence contrary to the terms of these written agreements. The defendant, not having covenanted to pay the rent, cannot be held liable for rent accruing after his removal from the demised premises.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.